## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCOS CERVANTES,

      Plaintiff,

v.                                                                  Case No. 23-cv-2176-RJD

ANTHONY D. WILLS, DANIEL C.
PORTER, ALEX A. MALDONADO, and
SERGEANT DALLAS,

      Defendants.

## <u>MEMORANDUM AND ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff Marcos Cervantes, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Cervantes alleges Daniel C. Porter used excessive force against him in violation of the Eighth Amendment prohibition on cruel and unusual punishment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Cervantes makes the following allegations:  On April 2, 2022, Cervantes was being escorted from the healthcare unit when Defendant Porter approached him (Doc. 1, p. 6). Porter questioned Cervantes regarding his possession of a plastic cup and then called him offensive names. Porter then placed Cervantes in handcuffs "forcibly" and pushed Cervantes's head into a wall, disorientating Cervantes and causing bleeding from his mouth, nose, and head (*Id*.). Another officer, who Cervantes fails to identify, participated in the attack by opening the exit door, allowing Porter to escort Cervantes out of the healthcare unit building (*Id*.). Outside of the building, Porter shoved Cervantes to the ground, cursed at him, and called Cervantes names (*Id*.). Porter placed his hands around Cervantes's neck, adding pressure, and impairing Cervantes's ability to breathe.

A Jane Doe officer approached and assisted Porter in restraining Cervantes on the ground. She then assisted Porter in escorting Cervantes to restrictive housing where he received a false disciplinary ticket written by Porter (*Id*. at p. 7). Although Cervantes asked numerous guards for medical assistance, he never received medical care (*Id*.). Cervantes alleges that he suffered from dizziness and bleeding from his head, nose, lips, and the inside of his mouth. He also lost consciousness for some period of time (*Id*.).

## Preliminary Dismissals

Although Cervantes lists Anthony Wills, Alex A. Maldonado, and Sergeant Dallas in the caption of his Complaint, he fails to include any allegations against them in his statement of his claim. Thus, they are **DISMISSED without prejudice**. Cervantes also

refers to a John Doe and Jane Doe who allegedly participated in the use of force, but they are not identified in the case caption. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption") Thus, any potential claims against them are also **DISMISSED without prejudice**.

Finally, Cervantes alleges that he was issued a false disciplinary ticket by Daniel C. Porter. He fails to allege, however, what process he received regarding the disciplinary proceedings. A disciplinary ticket does not violate the Fourteenth Amendment, even if falsely issued, so long as the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). There are simply no allegations to suggest Cervantes was denied his due process rights in relation to the disciplinary ticket. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.). Nor are there any allegations to suggest Cervantes is raising a First Amendment retaliation claim because Cervantes fails to allege that the false disciplinary ticket was motivated by any activity on Cervantes's part that was protected by the First Amendment. Bridges *v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Thus, any potential claims in relation to the false disciplinary ticket are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:**      **Eighth Amendment cruel and unusual punishment claim against Daniel Porter for his use of excessive force on April 2, 2022.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Cervantes states a viable excessive force claim against Porter. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

## Disposition

For the reasons stated above, Count 1 shall proceed against Daniel Porter. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Daniel Porter: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Cervantes. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Cervantes, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Cervantes, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

5

Finally, Cervantes is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/14/2023**

>/s/ *Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When all the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**