IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCOS CERVANTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2176-RJD |
| | ) |
| DANIEL PORTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's third Motion for Leave to File Amended Complaint (Doc. 30). Defendant did not file a response. For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

**Background**

Plaintiff Marcos Cervantes, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while he was incarcerated at Menard Correction Center ("Menard"). (Doc. 1). Cervantes alleges that on April 2, 2022, he was being escorted from the healthcare unit when Defendant Porter approached him. (Doc. 1, p. 6). Porter questioned Cervantes regarding his possession of a plastic cup and then called him offensive names. Porter then placed Cervantes in handcuffs "forcibly" and pushed Cervantes' head into a wall, disorientating Cervantes and causing bleeding from his mouth, nose, and head. (*Id*.). Another officer, whom Cervantes did not identify in his original Complaint, participated in the

---

[1] This matter has been assigned to the undesigned through the parties' consent to conduct all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73. (Doc. 15)

Page 1 of 9

attack by opening the exit door, allowing Porter to escort Cervantes out of the healthcare unit building. (*Id.*). Outside of the building, Porter shoved Cervantes to the ground, cursed at him, and called Cervantes names. (*Id.*). Porter placed his hands around Cervantes' neck, adding pressure, and impairing Cervantes' ability to breathe. (*Id.*).

A Jane Doe officer approached and assisted Porter in restraining Cervantes on the ground. (*Id.*). She then assisted Porter in escorting Cervantes to restrictive housing, where he allegedly received a false disciplinary ticket written by Porter. (*Id.* at p. 7). Although Cervantes asked numerous guards for medical assistance, he never received medical care. (*Id.*). Cervantes alleges that he suffered from dizziness and bleeding from his head, nose, lips, and mouth. (*Id.*). He also lost consciousness for some period of time. (*Id.*).

Following the preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Cervantes was allowed to proceed on a single Eighth Amendment cruel and unusual punishment claim against Defendant Porter for his use of excessive force on April 2, 2022. (Doc. 11, p. 5). The Court dismissed without prejudice Defendants Anthony Wills, Alex A. Maldonado, and Sergeant Dallas, who were included in the caption of the Complaint but against whom Cervantes had failed to make any allegations in the statement of his claim. (Doc. 11, p.2).

The Court denied without prejudice Cervantes' prior motions to amend the Complaint due to procedural deficiencies. (Docs. 21 & 29). In this pending motion, Cervantes attempts to add Alex A. Maldonado, Sgt. Dallas, Officer R. Hoffman, and Officer Dillion Loesing as defendants for their conduct on April 2, 2022, following Defendant Porter's alleged use of excessive force (Doc. 30). Cervantes specifically alleges that soon after the incident with Defendant Porter, at or around 11:30 a.m. to 2:15 p.m. of that day, Cervantes was transferred into his assigned cell in restrictive housing (cell twenty-five, two gallery of north house). (Doc. 30-1, p. 9). At that time, Cervantes was still experiencing excessive lightheadedness and dizziness, as well as bleeding from the head, nose, lip, and mouth. (*Id.*). Cervantes asked his neighbor to call for medical attention,

and he also attempted to call medical staff himself by yelling out of his cell door but was unsuccessful because he lost consciousness. (*Id.* at 9-10)  He alleges that he partially regained consciousness when Officer R. Hoffman, Officer Dillion Loesing, Sgt. Dallas, and Officer Alex A. Maldonado were "carelessly carrying" him to another room despite him still being in great pain. (*Id.* at 10).  While still trying to regain consciousness, Cervantes was allegedly placed in a wheelchair and was taken to a room where he was questioned by Officer Dillion Loesing, Sgt. Dallas, and Officer Alex A. Maldonado. (*Id.*).  He was only seen by mental health care, but he did not see any medical staff for his injury. (*Id.*).  He alleges that Officer Alex A. Maldonado did not notify medical staff when he found Cervantes unconscious in his cell. (*Id.*).

## Discussion

**Legal Standard for Amended Complaints**

Amendments of pleadings are governed under Rule 15, which provides that a party may amend its pleadings after a responsive pleading has been served "only by leave of the court or by written consent of the adverse party."  FED. R. CIV. P. 15(a); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002).  While leave to amend should be given liberally, in their sound discretion, courts may deny a proposed amendment if the moving party has unduly delayed filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.  *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Bethany Pharm. Co. v. QVC Inc.,* 241 F.3d 854, 861 (7th Cir.2001).  Here, Defendant has not filed a response opposing Cervantes' motion.  The Court finds that Defendant will not suffer undue delay or prejudice by allowing the amendment of the Complaint.  However, the Court's analysis does not end there because the proposed Amended Complaint is also subject to review under 28 U.S.C. § 1915A.

**Section 1915A Review**

Pursuant to Section 1915A, any portion of the proposed Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

In the proposed Amended Complaint, Cervantes seeks to add Alex A. Maldonado, Sgt. Dallas, Officer R. Hoffman, and Officer Dillion Loesing as Defendants for conduct that occurred following Defendant Porter's use of excessive force. Because Cervantes does not intend to modify his existing excessive force claim against Defendant Porter that previously passed the Court's preliminary review (Doc. 11), the Court's section 1915A review focuses upon Cervantes' new claims. (*see* Doc. 30-1).

Based on the allegations in the proposed Amended Complaint, the Court designates the following counts:

> **Count 2:**   **Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for failing to ensure Cervantes received adequate medical treatment on April 2, 2022.**
>
> **Count 3:**   **Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for carelessly carrying Cervantes while in great pain and in partial loss of consciousness on April 2, 2022.**
>
> **Count 4**:   **Eighth Amendment cruel and unusual punishment claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for carelessly carrying Cervantes while in great pain and in partial loss of consciousness on April 2, 2022.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the proposed Amended Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

The Court will address each Count in order.

> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for failure to ensure Cervantes received adequate medical treatment on April 2, 2022.**

Here, Cervantes sufficiently states an Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for their failure to ensure Cervantes received adequate medical treatment on April 2, 2022, when he was found in his cell unconscious and bleeding from his head, nose, lip, and mouth. "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citation and internal quotation marks omitted). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).

A plaintiff can demonstrate an objectively serious medical condition either by pointing to a condition that "a physician has diagnosed as needing treatment" or by showing that he suffers from a condition so objectively serious that "even a lay person would easily recognize the necessity for a doctor's attention." *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). "A condition can be 'obvious' to a layperson even where he or she is unable to diagnose or properly identify the cause of an observed ailment." *Orlowski v. Milwaukee Cnty.*, 872 F.3d 417, 423 (7th Cir. 2017). The Seventh Circuit has held that "[a]ny injury to the head unless obviously superficial should ordinarily be considered serious and merits attention until properly diagnosed as to severity."

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Murphy v. Walker*, 51 F.3d 714, 719 (7th Cir. 1995); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) (detainee who alleged he suffered a "severe head injury from slip and fall" stated claim for inadequate medical treatment); *Webster v. Loehrke*, No. 20-CV-880-PP, 2023 WL 5334364, at *5 (E.D. Wis. Aug. 18, 2023) ("A reasonable factfinder could conclude that the plaintiff's head injury, loss of consciousness, inability to stand and persistent pain constituted a serious medical need that satisfies the objective component of an Eighth Amendment claim"). Here, Cervantes alleges that Defendant Porter pushed Cervantes' head into a wall, disorientating him and causing bleeding from his mouth, nose, and head. (*Id.*). He alleges that as a result of Defendant Porter's use of excessive force, once he was transferred to his cell, he lost consciousness and continued bleeding from his head, nose, lip, and mouth. Even after he partially regained consciousness, he was dizzy and experienced great pain. This is sufficient to show an objectively serious medical need. *See Hayes v. Snyder*, 546 F.3d 516, 523 (7th Cir. 2008) ("Since Caffey had just been struck on the head and was experiencing pressure, ringing, and sharp, recurring pain, we can assume for purposes here that he suffered from an objectively serious medical condition.")).

Cervantes has also sufficiently alleged that Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing were deliberately indifferent to his serious medical needs. Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists but then disregards that risk. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (plaintiff must show that officials are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference."). The Seventh Circuit has explained that an "injury to the head inflicting prolonged pain and discomfort mandates medical evaluation within a reasonable period of time. *Murphy*, 51 F.3d at 719. Here, Cervantes alleges that Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing found Cervantes unconscious in his cell while he was also bleeding from his head, nose, lip, and mouth. This was sufficient to alert them that Cervantes had a serious

medical condition that required medical attention. Yet, Cervantes alleges that they did not seek medical attention for Cervantes' apparent head injury and loss of consciousness but rather transferred him to another room to interrogate him. Accordingly, the Court finds that Cervantes has sufficiently asserted an Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for their alleged failure to ensure Cervantes received adequate medical treatment on April 2, 2022.

> **Count 3:** **Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for carelessly carrying Cervantes while in great pain and in partial loss of consciousness on April 2, 2022.**

As set forth above, to state an Eighth Amendment deliberate indifference to serious medical need claim, Cervantes must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Assuming again that Cervantes' alleged condition amounted to a seribous medical need, the allegation that officers Hoffman, Loesing, Dalls, and Maldonado "carelessly carried" him while he was in great pain and partially unconscious does not constitute deliberate indifference to his serious medical need. *See Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007) (noting that an inmate's Eighth Amendment claim fails if it merely alleges that the defendants "were careless in failing to correct the problem" because, in that case "they cannot be thought to have been punishing" the inmate); *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless ..., and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard.").

Accordingly, Cervantes fails to state a claim upon which relief can be granted, and Count 3 is **DISMISSED** without prejudice.

> **Count 4**: Eighth Amendment cruel and unusual punishment claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for carelessly carrying Cervantes while in great pain and in partial loss of consciousness on April 2, 2022.

Likewise, Cervantes fails to state an Eighth Amendment cruel and unusual punishment claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for "carelessly carrying" him while in great pain and in partial loss of consciousness on April 2, 2022. "The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits the unnecessary and wanton infliction of pain on prisoners." *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *abrogated on other grounds by* Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020) (citation and internal quotation marks omitted). In excessive force claims, courts look at "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* The inquiry is informed by a variety of factors, "including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *Id.* Even though significant injury is not required, "a de minimis use of physical force" will typically be insufficient to establish an excessive force claim. *Id.* "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." *Id.* Here, Cervantes' allegation that officers Hoffman, Loesing, Dalls, and Maldonado "carelessly carried" him while he was in great pain does not amount to the degree of malicious and sadistic cause of harm required to set forth a claim for excessive force. *See Powers*, 484 F.3d at 933 ("careless" failure to correct a problem does not amount to punishment under the Eighth Amendment). This is especially true in light of the fact that those officers were attempting to transfer Cervantes while he was "partially unconscious." Accordingly, Cervantes fails to state a claim upon which relief can be granted, and Count 4 is **DISMISSED** without prejudice.

## Disposition

Pursuant to Rule 15, and after review of the proposed Amended Complaint pursuant to 28 U.S.C. § 1915A, Cervantes' Motion for Leave to File Amended Complaint (Doc. 30) is **GRANTED in part** and **DENIED in part.** This case will now proceed on the following claims against the following Defendants:

> **Count 1:** Eighth Amendment cruel and unusual punishment claim against Defendant Porter for his use of excessive force on April 2, 2022.
>
> **Count 2:** Eighth Amendment deliberate indifference to serious medical needs claim against Alex A. Maldonado, Sgt. C. Dallas, R. Hoffman, and Dillion Loesing for failing to ensure Cervantes received adequate medical treatment on April 2, 2022.

By contrast, Counts 3-4 are **DISMISSED** without prejudice as insufficiently pled. The Clerk of Court is **DIRECTED** to file the proposed Amended Complaint found at Doc. 30-1 on the docket as Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

**DATED: January 27, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**